UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN MAYS, | 1: 06 CV 00990 WMW HC |
| Petitioner, | MEMORANDUM OPINION AND ORDER RE RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| v. | [Doc. 13] |
| WARDEN DERRAL ADAMS, | ORDER DENYING CERTIFICATE OF APPEALABILITY |
| Respondent. | |

Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. Pursuant to Title 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge. Pending before the court is Respondent's motion to dismiss.

**PROCEDURAL HISTORY**

On August 30, 1996, Petitioner was convicted of possession of a controlled substance and driving without a license. A number of sentencing enhancements were found true. The court sentenced Petitioner to an indeterminate state prison sentence of twenty-five years to life.

Petitioner filed a direct appeal. On February 20, 1998, the Court of Appeal, Fifth Appellate

District, affirmed the judgment. Petition filed a petition for review with the California Supreme Court, which the court denied on May 13, 1998.

Petitioner filed the following five pro se post-conviction collateral challenges to his conviction:

First Petition

April 5, 1999: Petition for post-conviction relief filed in California Supreme Court

June 30, 1999: Petition denied

Second Petition

August 9, 1999: Petition for post-conviction relief filed in California Supreme Court

November 23, 1999:   Petition denied

Third Petition

May 18, 2005:   Petition for post-conviction relief filed in Kern County Superior Court

June 2, 2005: Petition denied

Fourth Petition

July 7, 2005: Petition for post-conviction relief filed in Court of Appeal

July 14, 2005: Petition denied

Fifth Petition

August 5, 2005:   Petition for post-conviction relief filed in California Supreme Court

June 14, 2006:   Petition denied.

Petitioner filed a prior federal habeas corpus petition in this district on September 15, 2000. Mays v. Galaza, 1: 00-cv-6495 AWI LJO (HC).  On September 13, 2001, the court dismissed the petition, finding it to be untimely and unexhausted.

Petitioner filed the present petition on July 31, 2006.

**LEGAL STANDARDS**

JURISDICTION

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a);  28 U.S.C. § 2241(c)(3);  Williams v. Taylor, 120 S.Ct.

1495, 1504 fn.7 (2000).  Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution.  In addition, the conviction challenged arises out of the Kern County Superior Court, which is located within the jurisdiction of this court.  28 U.S.C. § 2254(a); 2241(d). Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment).  The instant petition was filed after the enactment of the AEDPA, thus it is governed by its provisions.

STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000).  "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly."  Lockyer, at 1174 (citations omitted).  "Rather,

that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

## DISCUSSION

Respondent moves to dismiss this petition on the ground that it is successive and barred by the statute of limitations. Petitioner opposes the motion.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the Petitioner is not entitled to relief in the district court . . . ." The Advisory Committee Notes to Rule 5 of the Rules Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the Attorney General, thus avoiding the necessity of a formal answer as to that ground." The Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982). Based on the Rules Governing Section 2254 Cases and case law, the court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

Successive Petition

Respondent moves to dismiss this petition on the ground that it is an unauthorized second or successive petition. Petitioner opposes the motion.

As set forth above, Petitioner filed a prior federal habeas corpus petition in this district on September 15, 2000.  Mays v. Galaza, 1: 00-cv-6495 AWI LJO (HC).  On September 13, 2001, the court dismissed the petition, finding it to be untimely and unexhausted.

Under AEDPA's "gatekeeping" provisions, an applicant seeking to file a second or successive petition must obtain from the appropriate court of appeals an order authorizing the district court to consider the application.  28 U.S.C. § 2244(b)(3)(A).  A court of appeals may grant such an order only upon a showing that:

> (A) the applicant shows that the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(I)  the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii)  the facts underling the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A)-(B).  In this case, Petitioner has filed a prior federal habeas corpus petition challenging the same conviction, and has not obtained the required authorization from the United States Court of Appeals to do so.

Petitioner opposes the motion to dismiss on the ground that cumulative error in his case amounts to a structural defect requiring resolution regardless of whether this is a successive petition.  There is no authority for the proposition that a claim of cumulative error supercedes the requirement set forth in 28 U.S.C. § 2244(b)(3)(A). .

Accordingly, this petition must be dismissed on the ground that it is an unauthorized second or successive petition.

Statute of Limitations

Respondent moves to dismiss this petition as barred by the statute of limitations.  Petitioner opposes the motion.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, Section 2244, subdivision

(d) reads:

    (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The issue of timeliness was carefully analyzed by the court in Petitioner's earlier case, Mays v. Galaza, 1: 00-cv-6495 AWI LJO (HC), in which the court found the petition to be untimely. The court takes judicial notice of the findings and recommendations entered in that case on June 28, 2001, and the order adopting them entered on September 13, 2001.  For the reasons expressed therein, the court finds this petition to be untimely and barred by the statute of limitations.

Petitioner may be raising a claim of actual innocence.  Neither the Supreme Court nor the Ninth Circuit has addressed whether there is an actual innocence exception to a violation of section 2244(d)'s limitation period.  The Ninth Circuit has only excused a violation of the limitations period in cases where the petitioner was entitled to equitable tolling.  See, Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1287-89 (9th Cir. 1997).

Even if the court were to conclude that an actual innocence exception to a violation of the limitations period existed, Petitioner has not met the standard for actual innocence.  Petitioner must show that the alleged constitutional error "has probably resulted in the conviction of one who is actually innocent."  Bousley v. United States, 118 S.Ct. 1604, 1611 (1998), *quoting*, Murray v. Carrier, 477 U.S. 478, 496, 106 S.Ct. 2639, 2649 (1986).   Petitioner must demonstrate that in light

of the evidence no reasonable juror would have found him guilty.  Schlup v. Delo, 513 U.S. 298, 329, 115 S.Ct. 851, 867-68 (1995).  Petitioner presents no such evidence.

Petitioner may seek to appeal from the judgment of the court in this case.  Petitioner cannot proceed on such an appeal absent a certificate of appealability.  The controlling statute, 28 U.S.C. § 2253, provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
> (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In the present case, the court finds no denial of a constitutional right.  Accordingly, a certificate of appealability will be denied.

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1) Respondent's motion for modification of the briefing schedule is GRANTED nunc pro tunc [doc. 12];

1) Respondent's motion to dismiss is GRANTED;

2) A certificate of appealability is DENIED;

3) This petition for writ of habeas corpus is DISMISSED as barred by the statute of limitations and as an unauthorized second or successive petition;

4) The Clerk of the Court is directed to enter judgment for Respondent and to close this case

IT IS SO ORDERED.

Dated:   March 10, 2008                    /s/  William M. Wunderlich
                                           UNITED STATES MAGISTRATE JUDGE