# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN MAYS, | 1:06-cv-00990 MJS |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF MANDAMUS |
| v. | (Doc. 31) |
| DERRAL ADAMS, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of mandamus pursuant to 28 U.S.C. § 1651. Petitioner has consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c).

On July 31, 2006, Petitioner filed a petition for writ of habeas corpus with this Court. (Pet., ECF No. 1.) On March 3, 2008, the petition was dismissed as successive and untimely. (Order, ECF No. 22.)

After his petition was denied, Petitioner filed a petition for writ of mandamus with the United States Court of Appeals for the Ninth Circuit. The Ninth Circuit denied the petition on March 11, 2010 and held that "No motions for reconsideration, modification, or clarification of this order shall be filed or entertained." (Order, ECF No. 28.)

On July 26, 2010, Petitioner filed a petition for writ of mandamus with this Court. (Pet.,

1  ECF No. 31.) By way of the petition for writ of mandamus, petitioner requests that the Court
2  hear the merits of his habeas petition.

3  The All Writs Act provides in relevant part that "[t]he Supreme Court and all courts
4  established by Act of Congress may issue all writs necessary or appropriate in aid of their
5  respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. §
6  1651(a). Under this authority, the writ of mandamus may be used in the federal courts to
7  confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to
8  exercise its authority when it is its duty to do so. Will v. United States, 389 U.S. 90, 95, 88 S.
9  Ct. 269, 19 L. Ed. 2d 305 (1967).

10  Here, the Ninth Circuit has already denied Petitioner's request to grant such a writ.
11  Further, this Court finds the petition for writ of mandate procedurally inappropriate. A writ of
12  mandate is used to compel a lower court to act, not to have the court of original jurisdiction
13  review its own decision. A challenge in this Court of a judgment by this Court may in an
14  appropriate case be made by way of a motion for reconsideration. Accordingly, construing
15  Petitioner's pleadings in a light most favorable to Petitioner, the Court shall consider the
16  petition for writ of mandamus a motion for reconsideration pursuant to Federal Rule of Civil
17  Procedure section 60(b).

18  Rule 60(b) of the Federal Rules of Civil Procedure provides:

19  On motion and just terms, the court may relieve a party or its legal
   representative from a final judgment, order, or proceeding for the following
20  reasons:

21  (1) mistake, inadvertence, surprise, or excusable neglect;
   (2) newly discovered evidence that, with reasonable diligence,
22  could not have been discovered in time to move for a new trial
   under Rule 59(b);
23  (3) fraud (whether previously called intrinsic or extrinsic),
   misrepresentation, or misconduct by an opposing party;
24  (4) the judgment is void;
   (5) the judgment has been satisfied, released, or discharged; it is
25  based on an earlier judgment that has been reversed or vacated;
   or applying it prospectively is no longer equitable; or
26  (6) any other reason that justifies relief.

27  Petitioner does not set forth any arguments or evidence that merit reconsideration.
28  Petitioner's petition for writ of habeas corpus was both successive and untimely. Petitioner has

1  not shown that he has obtained permission from the Ninth Circuit to proceed with a successive
2  petition, nor has Petitioner presented any grounds under Rule 60(b) as to why the matter
3  should be granted relief.

4      Petitioner's petition for writ of mandamus, even if construed as a motion for
5  reconsideration, is therefore DENIED. No further pleadings shall be considered in the present
6  action.

10  IT IS SO ORDERED.
11  Dated:    November 1, 2011            /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE